■ Luciano Recine, Appellant, v Soil Solutions, Inc., et al., Respondents. [879 NYS2d 338]—

In an action, inter alia, for an accounting and review of corporate books and records, the plaintiff appeals from an order of the Supreme Court, Nassau County (Austin, J.), entered August 13, 2007, which granted the defendants' motion for summary judgment dismissing the complaint and denied his cross motion for leave to serve an amended complaint.

Ordered that the order is affirmed, with costs.

In 1992 the plaintiff and the defendant Vincent Dejana incorporated the defendant Soil Solutions, Inc. (hereinafter SSI), as sole and equal shareholders to run a joint business. In 1995 SSI purchased real property, and in 1996 entered into a lucrative ground lease for the property. On October 28, 1998 the plaintiff and Dejana entered into a buyout agreement, which stated that the plaintiff agreed to sell his entire interest in SSI to Dejana and to resign as a director and officer of SSI. The plaintiff alleges that he was never paid and was led to believe by Dejana that this agreement had no force or effect. On December

31, 2002 the real property was transferred from SSI to Dejana. On or about November 18, 2004 the plaintiff commenced this action for an accounting and review of SSI's corporate books and records.

The defendants demonstrated their entitlement to judgment as a matter of law by establishing that the plaintiff was not a shareholder at the time of the commencement of this action or at the time of the transaction about which the plaintiff complains (see Business Corporation Law § 626 [b]). The defendants' submission of the executed buyout agreement in support of their motion, stating that the plaintiff agreed to sell his shares of SSI to Dejana and agreed to resign as a director and officer of SSI, sufficiently demonstrates that the plaintiff was not a shareholder at the time of commencement of this action or at the time of the challenged real estate transaction. Thus, the plaintiff lacks standing to commence this action. In opposition, the plaintiff failed to raise a triable issue of fact.

Alternatively, the plaintiff's causes of action alleging breach of fiduciary duty, breach of contract, and fraud, and requesting the imposition of a constructive trust are barred by the statute of limitations. Pursuant to CPLR 213, the plaintiff's causes of action are barred by a six-year limitations period since the plaintiff only had a right to be paid distributions from the corporation while he was a shareholder. Once the plaintiff ceased to own shares in SSI, the limitations period for the alleged failure to pay distributions to the plaintiff began to run. The plaintiff ceased to be a shareholder as of December 31, 1997, pursuant to a letter agreement, and this action was not commenced until on or about November 18, 2004. Thus, the plaintiff's causes of action alleging breach of fiduciary duty, breach of contract, fraud, and requesting the imposition of a constructive trust, which are premised on Dejana's alleged failure to pay the plaintiff profit distributions, are time-barred.

There is no merit to the plaintiff's contention that, pursuant to CPLR 203, his causes of action are not time-barred because he commenced this action within one month after discovering that Dejana led him to believe that the October 28, 1998 buyout agreement had no force or effect. Under CPLR 203, the statute of limitations for a cause of action alleging fraud is the greater of six years or two years from the time the plaintiff discovered the fraud or could with reasonable diligence have discovered it. The fraud allegations in the complaint are based on the alleged failure by Dejana to pay the plaintiff his share of SSI's profits and to otherwise operate SSI in accordance with the shareholder's agreement, not on any alleged misrepresentation by Dejana

to induce the plaintiff to execute the buyout agreement. Therefore, the court properly granted the defendants' motion for summary judgment for this reason as well.

The plaintiff's remaining contentions are without merit. Rivera, J.P., Spolzino, Angiolillo and Balkin, JJ., concur.